UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS A. LEYVA,<br><br>    Petitioner,<br><br>v.<br><br>WILLIAM L. MUNIZ,<br><br>    Respondent. | No. CV 17-2008 ODW (FFM)<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED AS UNTIMELY |

On March 7, 2017, petitioner Jesus A. Leyva ("petitioner") constructively[1] filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "petition") pursuant to 28 U.S.C. § 2254. (Dkt. 1.) The petition challenges petitioner's 2014 conviction in the Superior Court of Los Angeles County for various crimes.

**1. LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS**

The present proceedings were initiated after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L.

---

[1] A pro se petitioner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988). While no proof of service is attached to the petition, the outside of the envelope in which the petition was filed bears a notation seemingly indicating that the petition was received by prison authorities on March 7, 2017. (*See* Dkt. 1 at 73.)

No. 104–132, 110 Stat. 1214 (1996). Accordingly, AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1). For those prisoners whose convictions became final post-AEDPA, the one-year period starts running from the latest of four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D). *See, e.g., Patterson v. Stewart*, 251 F.3d 1243, 1245–47 (9th Cir. 2001).

Section 2244(d)(1)(A) provides that the one-year limitations period "shall run from the latest of . . . the date on which the [petitioner's conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." If a petitioner's conviction is affirmed by an intermediate appellate court and he does not appeal that decision to the state's highest court, his conviction becomes final for the purposes of section 2244(d)(1)(A) when the period for seeking review from the state's highest court expires. *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). In California, a petitioner's period for seeking review from the California Supreme Court expires forty days after the Court of Appeal decision is filed. *See* Cal. R. Ct. 8.264(b)(1) ("[A] Court of Appeal decision . . . is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be . . . filed within 10 days after the Court of Appeal decision is final in that court.").

The California Court of Appeal decision affirming petitioner's conviction was filed on May 27, 2015.[2] While petitioner did have a habeas petition pending in the California Supreme Court at that time, as discussed below, petitioner never filed a petition for *direct review* of his conviction in the California Supreme Court. Thus, for the purposes of section 2244(d)(1)(A), petitioner's conviction

---

[2] The Court takes judicial notice of Petitioner's state court proceedings as indicated on the California Courts of Appeal official case information website, found at http://appellatecases.courtinfo.ca.gov/index.html. *See Porter v. Ollison*, 620 F.3d 952, 954–55 (9th Cir. 2010) (federal courts may take judicial notice of state court dockets found on the internet).

became final on July 6, 2015, forty days after petitioner's conviction was affirmed by the California Court of Appeal. *See Wixom*, 264 F.3d at 897; Cal. R. Ct. 8.264(b)(1), 8.500(e)(1). Accordingly, the one-year limitations period was set to expire on July 6, 2016. *See Patterson*, 251 F.3d at 1245-47. Because petitioner did not initiate the current proceedings until March 7, 2017, the present action is untimely, absent statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1); Fed. R. Civ. Proc. 6(a).

## 2. STATUTORY TOLLING

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The statute of limitations is not tolled between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, a state habeas petition filed before a petitioner's conviction is final may toll limitations period, effectively delaying the initiation of the limitations period during the time the petition is pending. *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (citation omitted).

As noted above, on April 28, 2015, petitioner filed a habeas petition in the California Supreme Court while his direct appeal was still pending before the California Court of Appeal. The California Supreme Court denied the petition on July 8, 2015, two days after petitioner's conviction became final for the purposes of section 2244(d)(1)(A). Petitioner admits that he has not filed any other habeas petitions in state court since his habeas petition was denied by the California Supreme Court. California court records confirm his admission. Accordingly, the one-year limitations period within which petitioner was

///

permitted to file a federal habeas petition effectively began on July 8, 2015, and ended on July 8, 2016, unless it is subject to equitable tolling.

### 3. EQUITABLE TOLLING

The AEDPA limitations period also may be subject to equitable tolling, if the petitioner shows that extraordinary circumstances beyond the petitioner's control made timely filing of a federal habeas petition impossible and the petitioner has acted diligently in pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner bears the burden of showing that equitable tolling is appropriate. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner has made no showing of extraordinary circumstances or of diligence and, therefore, has not demonstrated that equitable tolling is appropriate in this case.

### 4. ORDER TO SHOW CAUSE

Under the allegations and facts of the petition, petitioner has not demonstrated that he is entitled to a later start date of the limitations period. Therefore, and because the petition does not demonstrate any basis for tolling the statute, or for setting aside the one-year limitation, the Court orders petitioner to show cause in writing within thirty (30) days of the date of this order why the petition should not be dismissed as time-barred. If petitioner fails to provide a timely response to this order, the Court will recommend that the petition be dismissed, with prejudice, as time-barred.

IT IS SO ORDERED.

MAR 2 7 2017

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge